O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID ELIAS, | Case NO. SACV 09-1490-JST (MLGx) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| JANET NAPOLITANO, IN HER OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY, DEPARTMENT OF HOMELAND SECURITY, | |
| DEFENDANT. | |

This matter is before the Court on Defendant's motion to compel Plaintiff to sign an authorization releasing his medical records from the Department of Veteran's Affairs ("VA"). The Court finds the matter appropriate for decision without oral argument and the hearings set for July 12, 2011 is taken off calendar. Fed.R.Civ.P. 78; C.D. Cal. R. 7-15. For the reasons discussed below, Defendant's motion is granted.

//
//
//

**I.   Background**

On December 18, 2002, Plaintiff was tentatively selected for a position as an immigration inspector[1] by the Department of Homeland Security ("DHS"). As part of the hiring process, the Office of Personnel Management ("OPM") required him to undergo a medical examination, which he completed on December 30, 2002. After review of the test results, the OPM found that Plaintiff had Type II diabetes. OPM concluded that Plaintiff's performance of essential work functions with "uncontrolled" blood sugar levels would pose a significant risk to the health and safety of Plaintiff and others. He was therefore notified, on August 22, 2003, that he was unsuitable for the position as an immigration inspector.

After being informed of this decision, Plaintiff sought administrative review. Administrative appeals concluded on October 23, 2006, when DHS issued a final agency decision sustaining the administrative law judge's finding that Plaintiff was unsuitable for the position.

Plaintiff filed this action on December 18, 2009, seeking reinstatement as an immigration inspector, and backpay from August 22, 2003, to the present.[2] He claims that his termination violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., because his blood sugar levels were not "uncontrolled" at the time of his termination. He also claims that he would not pose a significant risk to health and safety were he to be reinstated.

---

[1] The parties use the terms "immigration inspector" and "Customs and Border Protection Officer" interchangeably.

[2] While Plaintiff is seeking reinstatement, and the Court refers to the requested relief as such for convenience's sake, it does not appear that he was ever actually employed as an immigration inspector.

On June 21, 2011, Defendant filed a motion to compel Plaintiff to sign a medical release form authorizing the VA to provide Defendant with all of Plaintiff's medical records. Defendant claims entitlement to Plaintiff's full medical record because Plaintiff has put his medical condition at issue in this case. Plaintiff, meanwhile, seeks to limit Defendant's access to his medical records to the period up to November 9, 2005.

**II. Analysis**

Defendant contends that Plaintiff should be compelled to release the medical records because: (1) Plaintiff's medical condition is a key issue in the case, and (2) Plaintiff's limited privacy interests in the records do not outweigh Defendant's interest in presenting an effective and complete defense at trial.

Plaintiff's response is multi-faceted, and many of the arguments go to the merits of his claims, rather than the discovery dispute. However, Plaintiff seems to contend that DHS has failed to show that its medical inquiries, particularly those for the time period after November 2005, are job related and consistent with business necessity.

Plaintiff acknowledges that his medical records prior to November 9, 2005, are relevant to the case, and concedes that Defendant may obtain them. He has previously signed a medical release form in which he states multiple times that Defendant is to be given "medical records to Nov. 9, 2005 (2005) only." (Joint Stip., Ex. 3.) Because Plaintiff has acknowledged Defendant's entitlement to the earlier records, this decision will focus solely on records created after November 9, 2005, which Defendant asserts are relevant to the issues in the case. (Joint Stip. at 12.)

Parties may obtain discovery regarding any non-privileged matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). This broad rule "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). However, in light of the limited confidentiality afforded to medical records, *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995), Defendant proposes that the court undertake a balancing test. (Joint Stip. at 12.) This test has been applied by several district courts in this Circuit in a variety of contexts. *See, e.g., Aguilar v. Fresno*, 2009 WL 3617984, at *6, *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999), *Soto*, 162 F.R.D. at 616, *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998).[3]

If the requested documents are relevant to the claims or defenses, the court must weigh Defendant's interest in fact-finding and thorough discovery against Plaintiff's privacy interests. *See Aguilar v. County of Fresno*, 2009 WL 3617984, at *6 (E.D. Cal. Oct. 29, 2009). This standard places a premium on fairness to both parties, and insures that "each side is able to present an effective and complete case to the jury." *Doe v. Chula Vista, 196 F.R.D. at 569*. If Defendant presents proper justification, "a limited impairment of the right may be allowed," and Defendant should be granted access to Plaintiff's records. *Sedaghatpour v. California*, 2007 WL 4259214, at *1 (N.D. Cal. Dec. 3, 2007).

---

[3] A second standard has also been recently used by district courts in this Circuit, and requires a plaintiff's medical condition simply to be "at issue" in the case in order to obtain discovery of medical records. *Thomas v. Carrasco*, 2010 WL 4024930, at *3 (E.D. Cal. Oct. 13, 2010). This standard does not require the court to consider the intrusive nature of a request. However, because Defendant does not propose use of this standard, it will not be addressed.

Plaintiff's medical records for the entire period in question are relevant to the claims and defenses at issue in the case. Plaintiff seeks reinstatement as an immigration inspector, as well as backpay from November 9, 2005, to the present. (Complaint at 9.) His medical history is clearly relevant to each of these demands. Examination of his medical records would tend to show whether he is able to perform the essential functions of an immigration inspector. If he is unable to perform those essential functions, DHS would not be forced to reinstate him.

Additionally, examination of Plaintiff's medical records since November 9, 2005, may indicate whether he would have been able to perform essential job functions since that date, impacting one of the traditional backpay factors: lost earnings. *See, Anderson v. Western Conference of Teamsters Pension Trust Fund*, 1993 WL 413138, at \*5 (E.D. Cal. June 22, 1993) (describing factors considered in determining backpay). If Plaintiff would have been unable to perform the job for the period claimed, he would have no lost earnings from that time. *See, Johnson v. Alameda-Contra Costa Transit Dist.*, 2006 WL 2587293, at \*8 (N.D. Cal. Sept. 8, 2006) (refusing to order backpay for time plaintiff was medically unable to work). Accordingly, this inquiry is relevant both to potential reinstatement and to determining the amount of backpay at issue in this case.

The balancing test also requires Plaintiff to disclose his medical records if Defendant's legitimate interest in fact-finding outweighs Plaintiff's privacy interests. *See, Aguilar v. Fresno*, 2009 WL 3617984, at \*6. Defendant has demonstrated a legitimate interest in obtaining Plaintiff's medical records that outweighs Plaintiff's privacy interests.

1  These records are necessary because they relate to several defenses
 2  and mitigating factors, including (1) whether Plaintiff's diabetes has
 3  been "uncontrolled" both before and after his non-selection (2)
 4  determining whether Plaintiff's diabetes posed a direct threat in the
 5  workplace, (3) whether Plaintiff is eligible for reinstatement, backpay,
 6  or frontpay, (4) the extent to which Plaintiff's diabetes has impacted
 7  his health, (5) whether Plaintiff has been identified as disabled, and
 8  (6) discovering who Plaintiff's physicians are in order to depose them.
 9  (Joint Stip. at 14.)

    Plaintiff has not presented any compelling arguments to the contrary. His assertion that Defendant has failed to show that the records are job related are meritless in light of the claims and defenses presented. Plaintiff also has not explained how any threat to his privacy interests outweighs Defendant's legitimate in obtaining complete discovery. Therefore, Defendant's motion to compel will be granted.

**III. Conclusion**

For the reasons stated, I conclude that the VA medical records requested by Defendant are relevant to the issues in the case, and that Defendant's interest in thorough discovery outweighs Plaintiff's limited privacy interest. Defendant's motion to compel is GRANTED. Plaintiff shall execute a full and complete release, without qualification, of his medical records no later than July 15, 2011.

Dated: June 30, 2011

_____
Marc L. Goldman
United States Magistrate Judge